**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Motlalepula Modise, Tirelo Mmolawa, Morwesi Mmolawa, and all others similarly situated**<br><br>**Plaintiffs**<br><br>V.<br><br>**CareOne Health Services, LLC and Abel N. Osagie**<br>      **Defendants** | **CIVIL ACTION NO.:**<br><br><br><br><br><br>**May 29, 2020** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

1.     Employers of Home Health Aides, a/k/a Caregivers, who pay a day rate to these non-exempt employees, must pay overtime by dividing their weekly pay by their weekly hours and paying half the resulting regular rate for all overtime hours.  29 C.F.R. Sec. 778.112.

2.     Here, Defendants paid a day rate to their live-in Home Health Aide employees but did not pay overtime as required by law, even though they were aware that they worked 91 hours per week, i.e., 51 overtime hours.

3.     Employers must accurately record all hours worked, even night-time interruptions caused when their clients need assistance in the night and meals that they work through.  29 C.F.R. Sec. 552.110(b)

4.     Here, Defendants failed to accurately record all hours worked by their Home Health Aide employees.  Their employees were frequently interrupted during the night and failed to get at least 5 hours of uninterrupted sleep time.

1

They were also unable to have 3 one-hour meal breaks. Nevertheless, Defendants assumed that their employees all had 8 hours of uninterrupted sleep time and took 3 full one-hour meal breaks (29 C.F.R. Sec. 552.102) and failed to pay them for this time.

5. As a result, Defendants kept hundreds of thousands of dollars in wages that it should have paid to Plaintiffs and the class, all in violation of state and federal wage and hour laws.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 since they are so related to her FLSA claims that they form part of the same case or controversy.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## III. THE PARTIES

9. Plaintiff, Motlalepula Modise ("Plaintiff or Ms. Modise") is an individual residing within this judicial district. She worked as Home Healthcare Aide (HHA) for Defendants from approximately May 1, 2017 to September 27, 2019.

10. Plaintiff, Tirelo Mmolawa ("Plaintiff or Mr. Mmolawa") is an individual residing within this judicial district. He worked as Home Healthcare

Aide (HHA) for Defendants from approximately March 2, 2017 to September 14, 2019.

11. Plaintiff, Morwesi Mmolawa ("Plaintiff or Ms. Mmolawa") is an individual residing within this judicial district. She worked as Home Healthcare Aide (HHA) for Defendants from approximately January 13, 2017 to September 21, 2019.

12. CareOne Health Services, LLC ("Defendant or CareOne") is a limited liability company organized and existing under the laws of the state of Connecticut. Its principal place of business is located at 154 South Street, Danbury, CT 06810.

13. Defendant Abel N. Osagie ("Defendant or Mr. Osagie"), residing at 28 Ward Drive South, Danbury, CT 06810 and doing business at 154 South Street, Danbury, CT 06810, is now, and at all times hereinafter mentioned, an owner and principal corporate officer of CareOne, and as such actively manages, supervises and directs the day-to-day business affairs and operations of said company, CareOne. Specifically, as an owner and principal corporate officer of CareOne, Mr. Osagie directly or through his delegates, interviewed and hired personnel, determined their rates of pay and company policies, assigned duties and answered questions from employees regarding their pay. Mr. Osagie also directly or through his delegates determined the amount for food and lodging to deduct from the wages of CareOne's employees. As such, Mr. Osagie acted at all times material herein directly and indirectly in the interest of CareOne in relation to their employees and was, and is the "ultimate responsible authority"

and the cause of the legal violations, therefore, an employer of said employees within the meaning of the Act.

14. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

16. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

17. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C.§216(b). The named Plaintiffs' written consent are attached hereto and incorporated by reference.

**IV.   LEGAL PRINCIPLES**

18. Employers must pay overtime to their non-exempt workers when they work more than 40 hours in a work week. 29 U.S.C. Sec. 201, *et seq.*; C.G.S. Sec. 31-58, *et seq*.

19. Employers have a non-delegable duty to accurately record and pay for all time worked by their employees. 29 C.F.R. Sec. 552.110(b).

20. Employers who pay their non-exempt workers a daily rate must add overtime premiums to those employees' weekly pay calculated by dividing the weekly pay by the number of hours worked and paying half of the resulting regular rate for all overtime hours. 29 C.F.R. Sec. 778.112.

21. Home Health Agencies must ensure that their live-in home health aides get at least five hours of uninterrupted sleep time each night during their eight hour sleep period, otherwise the employer must pay for the entire eight hour sleep period. 29 C.F.R. Sec. 785.22 and 29 C.F.R. Sec. 552.102.

22. Employers must pay wages during an employee's meal breaks if the employee's meal time is spent predominantly for the benefit of the employer. *Reich v. S. New Eng. Telecomms. Corp.,* 121 F.3d 58, 64 (2d Cir.1997); 29 C.F.R. Sec. 785.19 and 29 C.F.R. Sec. Sec. 525.102.

23. Employers must post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in an area where Plaintiffs are employed. C.F.R. Sec. 516.4.

**V.    FACTS**

24. Defendants hired Plaintiff, Ms. Modise to work as a Home Health Aide on approximately May 1, 2017.

25. Defendants hired Plaintiff, Mr. Mmolawa to work as a Home Health Aide on approximately March 2, 2017.

26. Defendants hired Plaintiff, Ms. Mmolawa to work as a Home Health Aide on approximately January 13, 2017.

27. Defendants employ approximately 100 or more Home Health Aides in Connecticut during this claim period.

28. Defendants assign Plaintiffs and other HHAs to be "live-in" HHAs for their clients.

29. Defendants assign their HHAs non-exempt duties including: activities of daily living, including cooking for and serving breakfast, lunch and dinner to customer; bathing customer as needed; assisting customer change clothing and underwear/diaper during the day and night as needed; helping customer put on and take off customer's clothes every day; sitting with customer and watch customer eat food and watch television and; physically watching over customer at all times and remaining within eye and earshot of customer, including placing an electronic monitoring device in customer's room to monitor to customer at all times including at nighttime; assisting customer with incontinence; assisting customer with personal hygiene; assisting customer with taking medication and; escorting customer for medical appointments.

30. Defendants paid Plaintiffs and all of their live-in HHAs during the period of the claim a daily rate.

31. For example, Defendants paid Plaintiff Ms. Modise a daily rate of $140.00.

32. Defendants also paid Plaintiff Mr. Mmolawa a daily rate of $140.00.

33. Defendants also paid Plaintiff Ms. Mmolawa a daily rate of $140.00.

34. Defendants informed Plaintiffs and all of their HHAs that they were allowed eight hours of sleep time and three one-hour meal breaks per day. This schedule resulted in a minimum of thirteen hours per day of work.

35. Over a 7-day work week, this schedule resulted in a minimum of 91 hours of work time, 51 of which was overtime.

36. Defendants paid Plaintiffs and all of their HHAs a flat daily rate for their work and did not calculate and pay overtime premiums as required by 29 C.F.R. 778.112.

37. For example, during a typical week, Plaintiffs worked as a live-in HHA for seven (7) days at a rate of $140 per day. According to their assigned schedule, Plaintiffs worked a minimum of 91 hours for a seven day week. Defendants paid each Plaintiff $980 for their work that week.

38. Defendants should have calculated overtime by dividing $980 by 91 hours worked, resulting in a regular rate of $10.77 per hour. Defendants should have paid half that rate, or $5.38 per hour, for each of Plaintiffs' 51 hours of overtime, adding $274.38 to each Plaintiffs' pay for that week.

39. Instead, Defendants paid Plaintiffs only $980 for that week, and failed to pay each Plaintiff the overtime premiums due under the law.

40. In addition, Defendants failed to accurately record all of Plaintiffs' work time, including interruptions during each Plaintiffs' sleep and meal breaks.

41. Defendants provided Plaintiffs and all HHAs with a time sheet, which did not have a place for them to record their interruptions.

42. In fact, Plaintiffs, and Defendants' other HHAs, were frequently interrupted during their sleep and meal breaks to care for Defendants' clients. Defendants' clients frequently needed to be attended to during the night for such reasons as trips to the bathroom, dementia, insomnia, to monitor clients' medical device such as CPAP or breathing machine with its oxygen tank, or if a client is in hospice, to turn them over every two hours to prevent bed sores.

43. In fact, Defendants' clients frequently interrupted Plaintiffs and other HHAs so much that they were unable to have at least five hours of uninterrupted sleep time per night. Defendants were aware of these sleep interruptions at night time because Plaintiffs and other HHAs, from time to time, informed Defendants of these interruptions. But Defendants never modified their time sheets or took any other steps to accurately record all hours worked by Plaintiffs and other HHAs.

44. Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4.

45. As a result, Defendants knowingly and willfully failed to pay Plaintiffs and the other HHAs the full wages that they were due and instead retained those wages for their own use and benefit.

46. The ordinary statute of limitations of a claim under the FLSA is two years, except that a cause of action arising out of a willful violation of the statute can be brought within three years.  29 U.S.C. Sec. 255(a).

47. However, courts can equitably toll Sec. 255(a) to avoid "inequitable circumstances." *Darowski v. Wojewoda*, 2017 U.S. Dist. LEXIS 208122, *14 (D. Conn. Dec. 19, 2017) (quoting *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir. 1996)).

48. Defendants, as employers under the FLSA, are required by 29 C.F.R. § 516.4 "to post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where

such employees are employed so as to permit them to observe readily a copy." Id.

49. Defendants failed to post or keep posted such notice required by 29 C.F.R. § 516.4 in conspicuous places where Plaintiffs and other HHAs were employed to permit them to observe readily a copy.

50. Accordingly, the FLSA claims of Plaintiffs and the other HHAs are subject to equitable tolling, and is not limited to three years prior to the filing of this complaint.

51. Similarly, employers must, under Connecticut law, hang required wage and hour posters where their employees can see them, or otherwise have access to them.  C.G.S. § 31-66.

52. When employers fail to provide posters for their workers, informing them of their rights under the CMWA, equitable tolling is appropriate until the Plaintiff seeks the advice of counsel or learns of their rights some other way.  See, e.g., *Lin v. Brennan*, 2011 U.S. Dist. LEXIS 132025, *14  (D. Conn. Nov. 15, 2011) (Droney, J) ("Defendants' failure to post any notice as to their employee's rights under state and federal labor laws tolls the statute of limitations for Plaintiffs' CMWA claim as well."); *Asp v. Milardo Photography, Inc*., 573 F. Supp. 2d 677, 697-98 (D. Conn. 2008); *Rescia v. Shamas*, 2015 U.S. Dist. LEXIS 191706, *6 (D. Conn. Dec. 22, 2015) ("Where an employer fails to post the required [wage and hour] notices, courts have held that equitable tolling applies, but only until the employee retains an attorney or obtains knowledge of his rights."); *Darowski*, 2017 U.S. Dist. LEXIS 208122 at *17; *Callowhill v. Allen-Sherman-Hoff Co.,* 832

F.2d 269, 272 (3d Cir. 1987) ("[A]n employer's neglect to post the notice . . . will toll the running of the period for filing the administrative charges, at least until the 'aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the [ADEA].'"); *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1096 (6th Cir.1996) ("If an employer fails to . . . post[] the required ADEA notices, 'the charge-filing period will not begin to run until the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA.'").

53. Also, Defendants, as employers under the CMWA, and subject to a minimum fair wage order, are required to "keep a copy of such order and the regulations issued by the Labor Commissioner posted at the place of employment where it can be read easily by the employees [and] furnish copies of orders and regulations on request, without charge." C.G.S. § 31-66.

54. Defendants failed to post or distribute to Plaintiffs and other HHAs, such minimum wage order and regulations issued by the Labor Commissioner.

55. Defendants failed to send Plaintiffs and other HHAs, an email containing such minimum wage order and regulation issued by the Labor Commissioner so that she could learn her rights to overtime.

56. Plaintiffs and other HHAs did not learn about her rights to collect overtime until she consulted with an attorney.

57. Accordingly, the CMWA claims of Plaintiffs and the other HHAs are subject to equitable tolling, and are not limited to two years prior to the service of this complaint.

### VI.    THE COLLECTIVE ACTION

58.  Plaintiffs bring claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act on behalf of themselves and all other HHAs who have worked for Defendants in Connecticut from the period beginning from January 13, 2017 until the date of final judgment in this matter.

59.  Plaintiffs and the other HHAs are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt.

### VII.  THE CONNECTICUT RULE 23 CLASS

60.  Plaintiffs bring claims under the Connecticut Wage Act, C.G.S. §§ 31-58 *et seq.*, and Rule 23 of the Federal Rules of Civil Procedure, for themselves and on behalf of a class consisting of all HHAs in Connecticut during the period beginning January 13, 2017 until the date of final judgment in this matter.

61.  Class certification for these Connecticut law claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3) because all the requirements of the Rules are met.

62.  The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants employed approximately 100 HHAs who worked at least one 24-hours overnight shift in Connecticut in the period January 13, 2017 to the present date.

63. There are questions of law and fact common to the class, including whether the putative class members worked overtime but were not paid overtime in violation of Connecticut law.

64. The named Plaintiffs' claims are typical of those of the class members. Plaintiffs' claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiffs' legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

65. The named Plaintiffs will fairly and adequately protect the interests of the class. The Plaintiffs' claims are not antagonistic to those of the putative class and they have hired counsel skilled in the prosecution of these types of cases and class actions.

66. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## VIII. LEGAL CLAIMS

**COUNT ONE:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201,** *et seq.* **against Defendant CareOne Health Services, LLC**

67. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

68. Based on the foregoing, Defendant CareOne Health Services, LLC's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

69. Plaintiffs and all other similarly situated HHAs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT TWO:** **VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58,** *et seq.* **against Defendant CareOne Health Services, LLC**

70. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

71. Based on the foregoing, Defendant CareOne Health Services, LLC's conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

72. Accordingly, Plaintiffs and all other similarly situated HHAs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT THREE:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201,** *et seq.* **against Defendant Abel N. Osagie**

73. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

74. Based on the foregoing, Defendant Abel N. Osagie's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

75. Plaintiffs and all other similarly situated HHAs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT FOUR:** **VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* against Defendant Abel N. Osagie**

76. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

77. Based on the foregoing, Defendant Abel N. Osagie's conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

78. Accordingly, Plaintiffs and all other similarly situated HHAs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

## DEMAND FOR RELIEF

Plaintiffs claim:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of the Connecticut class action pursuant to Fed. R. Civ. P. 23(b)(3) and the appointment of Plaintiffs and their counsel to represent those classes;

c. An award of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d. An award of unpaid overtime wages under the Connecticut Wage Act, C.G.S. § 31-68;

e. An award of liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

f. An award of penalty damages under Connecticut Wage Act, C.G.S. § 31-68;

g. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

h. Attorneys' fees under the Connecticut Wage Act, C.G.S. § 31-68;

i. Interests and costs;

j. Injunctive relief in the form of an order directing Defendants to comply with the Connecticut Wage Act; and

k. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

> Motlalepula Modise, Tirelo Mmolawa, Morwesi Mmolawa, individually and on behalf of other similarly situated individuals
>
> By: */s/ Nitor V. Egbarin*
> Nitor V. Egbarin, ct05114
> Law Office of Nitor V. Egbarin, LLC
> 100 Pearl Street, 14th Floor
> Hartford, CT  06103-3007
> Fed. Bar No.: ct05114
> (860) 249-7180 telephone
> (860) 408-1471 facsimile
> NEgbarin@aol.com

15