UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                 )
Motlalepula Modise, Tirelo Mmolawa.  )
Morwesi Mmolawa Et al.              )
                                 )
      Plaintiffs,                )
                                 )
v.                              )   NO. 3:20-CV-00765-KAD
                                 )
CareOne Health Services, LLC and   )
Abel N Osagie                   )
      Defendants,         )   JURY TRIAL DEMANDED
                                 )
_____)

## **DEFENDANT ABEL OSAGIE ANSWER AND SPECIAL DEFENSES**

Defendant Abel N. Osagie ("Osagie") hereby responds to the Plaintiffs' Collective and Class Action Complaint Claimed to be dated May 29, 2020 by the plaintiffs' attorney.

## I.    INTRODUCTION

1.    Defendant Abel Osagie denies allegations in ¶1. To the extent that the paragraph alleges anything to do with either Abel Osagie or CareOne Health Services, LLC ("CareOne", "CareOne Health Services"), the defendant denies being involved in the administration of any company that employs Home Health Aides since 2010.

Home Health Care Agency is established by law in The

Regulations of Connecticut State Agencies Sections19-D66 et seq.  In particular, the requirements for a Homemaker-home health aide services is established by RCSA Section19-13-D69(d).

   Mr. Egbarin is aware that CareOne Health Services, LLC operated a <u>Homemaker Companion agency</u> since 2010 based on disclosures made by Osagie and his attorneys in Lindie Kgarebe v. CareOne Health Services, LLC et al, Superior Court, Judicial District of Danbury, Docket No. DBD-CV-19-6033296-S.  Mr. Egbarin's second revised complaint, in that suit is attached (see Exhibit 1) [1].

   The named plaintiffs worked jointly as Personal Care Attendants/Assistants for their respective clients and CareOne Health Services, LLC providing Service code 1023Z to Medicaid/Medicare consumers as part of the Connecticut Home Care Program for Elders.  Service code 1023Z per definition of the Connecticut Department of Social Services has two important benefits to the aides as part of the requirements for the job – 1) they must live in the home of the client and 2) the client has to provide food for the aides.  We shall leave the plaintiffs to show how 29 C.F.R. Sec. 778.112 is relevant to their employment.

  2. Defendant Abel Osagie has never been involved with any company that employs live-in Home Health Aides.

  3 Defendant Abel Osagie asserts that ¶3 is a legal conclusion to which no response is required.  To the extent that the paragraph alleges

F20.01.004v.1

anything to do with either Abel Osagie or CareOne Health Services, LLC, the
defendant denies being involved in the administration of any services that
requires recording of night-time interruption hours.  All services that the
defendant has been involved in since 2010 are timed on a 15-minute basis and
recorded as determined by the service payor by contract.   In the case of the
named Plaintiffs, the payor was the Connecticut Department of Social Services
on behalf of Medicare and Medicaid.  Also, per RCSA Sec. 17b-342-3(a)(1),
"**All home care services provided to individuals under the Connecticut
Home Care Program shall be authorized in accordance with procedures
established by the department prior to the delivery of the service**"
(highlighting and underline mine).

4       The responses contained in Paragraphs 1 through 3 are hereby
incorporated by reference.  Defendant Abel Osagie denies allegations in ¶4.
Abel Osagie has never been involved with any company where employees are
required to have 3 one-hour meal breaks or 8 hours of uninterrupted sleep
time.

Service code 1023Z is a service where Personal Care Assistants/Attendants
(PCA) provide services to consumers of Federal and State of Connecticut program
under contract with the Connecticut Department of Social Services ("DSS") per
C.G.S. 17b-428(e) and RCSA §17b-342 et seq.  The requirements of the PCA aide is
as in Reg. of CT State Agencies §17b-262-596.

DSS requires that 1023Z aides document service activities around 8 am each
day.  Aides on the 1023Z are co-employed/supervised by the DSS vendor and the

family of the consumer.  For a consumer to qualify for 1023Z, the aide has to be able to have 5 hours of continuous sleep, and further sleep hours that total 3 hours in the visit period.  If a consumer does not meet the requirements of the program, they have to be removed from the program and arrangements made by DSS for other types of care per RCSA §17b-342-3. The only people with the full knowledge of what happens at the home of a consumer, are the people who live in the home of the consumer.

Proper documentation is one of the requirements of the PCA position.  One of such duties of the 1023Z is to report changes in the client's condition/care daily whether the activity report is on paper or by electronic means.  Since November 2016, this reporting has been electronic through the DSS vendor SANDATA.

Helping the consumer reach health goals as determined by the consumer's physician, registered nurse, social workers (if they are on the care team) is also a responsibility of the PCA position.  There are many reasons, a consumer may have a change in the sleep pattern – changes in medication, nutrition, daily activities of the consumer, the activities of the aide etc.  It is a dereliction of duty and an abuse of the consumer when the aide fails to seek proper intervention when there is a change in the consumer's condition.

5       Defendant Abel Osagie asserts that ¶5 is a conclusion of the attorney and plaintiffs whose greed have blinded them to facts that are public information from the Connecticut Department of Social Services, Regulations of Connecticut State Agencies and the taxation system of the United States of America.

-4-

F20.01.004v.1

## II.    JURISDICTION AND VENUE

6.      Defendant Abel Osagie asserts that ¶6 is a legal conclusion of the Plaintiffs to which no response is required.

7.      Defendant Abel Osagie asserts that ¶7 is a legal conclusion of the Plaintiffs to which no response is required.

8.      Defendant Abel Osagie asserts that ¶8 is a legal conclusion of the Plaintiffs to which no response is required.

## III.    THE PARTIES

9.      Defendant Abel Osagie asserts that Plaintiff Motlalepula Modise ("Modise") was never employed by CareOne Health Services, LLC as a Home Healthcare Aide (HHA).  To the knowledge of the defendant, Mr. Egbarin is aware that CareOne Health Services LLC operates a Homemaker Companion agency and has no license to employ Home Health Aides nor qualify anyone as a Home Health Aide.

Someone by the name of Precious Motlalepula Modise ("Modise") worked as a Personal Assistant/Attendant (PCA) for CareOne Health Services from April 30, 2017 to September 27, 2019.

Modise was employed to take over the 1023Z case that Lindie Kgarebe of Kgarebe v. CareOne Health Services, LLC et al [1] had.

10.      Defendant Abel Osagie asserts that Plaintiff Tirelo Mmolawa was never employed by CareOne Health Services, LLC as a Home Healthcare Aide (HHA).  Mr.

F20.01.004v.1

Mmolawa worked as a 1023Z aide (PCA) for CareOne Health Services until September 14, 2019 when after consuming 4 bottles of Heineken while working (in violation of company policy), abandoned his client and went to a party in New York State.  On his way back, he had a one-car accident on route 7 in the Danbury area near Exit 12.

11.     Defendant Abel Osagie asserts that Plaintiff Morwesi Mmolawa was never employed by CareOne Health Services, LLC as a Home Healthcare Aide (HHA).  Mrs. Mmolawa worked as a PCA aide providing service code 1023Z for various clients of CareOne Health Services and the Connecticut Department of Social Services until September 15, 2019.

12.     Defendant Abel Osagie admits the allegations in ¶12 to the extent that CareOne Health Services, LLC("CareOne") is a Limited Liability Company organized under the laws of the State of Connection.  The financial viability of CareOne has been destroyed by the unconscionable, willful and wanton conduct of Mr. Egbarin and cannot at this point afford an attorney.

13.     Defendant Abel Osagie asserts ¶13 is a legal conclusion of the Plaintiffs to which no response is required.

14.     Defendant Abel Osagie asserts ¶14 is a legal conclusion of the Plaintiffs to which no response is required.  Employees of CareOne Health Services are not employees of Defendant Abel Osagie.  Defendant Abel Osagie is also an employee of CareOne Health Services with the position of Administrator.  However, all operating activities were managed by Defendant Abel Osagie and is the proper person to give testimonies as to the activities of CareOne Health Services.

-6-

15.     Defendant Abel Osagie denies allegations in ¶15 as no employee of CareOne Health Services belongs to the class as defined in the complaint.  Further, CareOne Health Services no longer has employees.

16.     Defendant Abel Osagie asserts ¶16 is a legal conclusion of the Plaintiffs to which no response is required.

17.     Defendant Abel Osagie asserts ¶17 is a legal conclusion of the Plaintiffs to which no response is required.

## IV.    LEGAL PRINCIPLES

18.     Defendant Abel Osagie admits the allegations in ¶18.  CareOne provided other Homemaker Companion Services.  Service code 1023Z is only one of such services.  Defendant Abel Osagie draws the attention of the court to 29 U.S.C Sec 203(m) which is the governing law relevant to service code 1023Z.  Mr. Egbarin is aware or should be aware from earlier disclosures to him in Karegbe [1].

19.     Defendant Abel Osagie asserts ¶19 is a legal conclusion of the Plaintiffs to which no response is required.  We draw the attention of the court and all parties to 29 C.F.R. Sec 552.102 on which 29 CFR Sec 551.110(b) is based and 29 Sec 203(m).

20.     Defendant Abel Osagie denies that 29 C.F.R. Sec. 778.112 is applicable to service code 1023Z since it excludes jobs where the employee receives other form of compensation for services. Authorized maximum hours between the hours of 8am and 8am is 14 hours.  Any employee working beyond that is in violation of state of Connecticut laws and the policies of CareOne Health Services.

F20.01.004v.1

21.     Defendant Abel Osagie asserts ¶21 is a legal conclusion of the Plaintiffs to which no response is required.

22.     Defendant Abel Osagie asserts ¶22 is a legal conclusion of the Plaintiffs to which no response is required. Abel Osagie did not deduct specifically meal breaks from employee pay.  While 1023Z aides generally targeted 13 hours of works within each visit, we paid them for the maximum that is legally possible for CareOne aides on 1023Z and that is 14 hours.

23.     Defendant Abel Osagie asserts ¶23 is a legal conclusion of the Plaintiff to which no response is required.   CareOne gets a free poster that has relevant Federal and Connecticut state labor laws courtesy of our Payroll company which is displayed prominently in the office.  In addition, we get separate labor posters from different government agencies whenever there are changes.

## V.    FACTS

24.     Defendant Abel Osagie denies the allegations in ¶24 as to the position of Home Health Aide and the employer.  Ms. Modise was employed as a PCA by CareOne Health Services approximately on May 1, 2017.

25.     Defendant Abel Osagie denies the allegations in ¶25 as to the position of Home Health Aide and the employer.  Mr. Mmolawa was employed as a PCA by CareOne Health Services approximately March 2, 2017.

26.     Defendant Abel Osagie denies the allegations in ¶26 as to the position of Home Health Aide and the employer.  Ms. Mmolawa was employed by CareOne Health Services in 2017.  She worked as a PCA for CareOne Health Services.

27.     Defendant Abel Osagie denies allegations in ¶27.

28.     Defendant Abel Osagie denies allegations in ¶28.

29.     Defendant Abel Osagie denies allegations in ¶29.

30.     Defendant Abel Osagie denies allegations in ¶30.

31.     Defendant Abel Osagie denies allegations in ¶31 as to the term "daily rate".  The defendant reasserts and incorporates the response to paragraphs 1 through 30 inclusive.

The pay rates are calculated based on 29 U.S.C 203(m) and the guidelines laid down by the Connecticut Department of Labor and the Department of Social Services interpreting the United States Department of Labor guidelines 29 C.F.R. §785.22 on 29 U.S.C 203(m) as it applies to Service Code 1023Z.

Each Unit of 1023Z is recorded from 8 am on one day to 8am the following day.  Within the period an aide has to have 5 hours of continuous sleep, a further 3 hours of sleep which does not have to be continuous.

CareOne Health Services further requires that 1023Z have a total of two hours of break time.   Consequently, if a consumer qualifies for 1023Z, the maximum hours a 1023Z may work is 14 hours within the 1023Z Unit.  As a result, if an aide works completes 1 unit of 1023Z, they are credited 14 hours, 2 units is 28 hours, 3 units is 42 hours. and 7 units is 98 hours within each defined week.

A week as defined by the Connecticut Department of Social Services is Sunday to Saturday.  CareOne adopted this policy.  If Ms. Modise works 3 days between Sunday and Saturday, she is credited with 40 hours of regular time and 2 hours of overtime.

Her 29 U.S.C. 203(m) calculated pay is what she is entitled to for the 3 days. If that amount is less than $420, we pay her $420.  While this works out to be 3 multiplied 140, it is not the same as $140 "daily" as defined by 29 C.F.R. Sec. 778.112.  Pays for 1023Z already has built in the required pays for overtime worked.

If Ms. Modise works from 8am on Saturday to the following Tuesday at 8am. she is credited with 14 hours for week 1 and 28 hours for week 2.  So, not every 7 days are the same.

32.     Defendant Abel Osagie incorporates the response to ¶31 above.

33.     Defendant Abel Osagie incorporates the response to ¶31 above.

34.     Defendant Abel Osagie incorporates the response to ¶31 above and denies allegations in ¶34.

35.     Defendant Abel Osagie incorporates the response to ¶31 above and denies allegations in ¶35.  The definition of a week by the Connecticut Department of Social Services is Sunday to Saturday.  While it may not be obvious, the definition of the week plays a big role in the calculation.  For example, If the 7-day is from Monday at 8am to the following Monday at 8am.  The correct calculation is 6 units of PCA 1023Z in week 1 and 1 Unit of PCA 1023Z in Week 2 and consequently the amount of overtime.  You will also get a different result if the service was from Tuesday of week 1 to Tuesday of Week 2.

36.     Defendant Abel Osagie incorporates the response to ¶¶31-35 above and denies allegations in ¶36.

37.     Defendant Abel Osagie incorporates the response to ¶¶31-35 above and denies allegations in ¶37.  Defendant admits that a 1023Z service from Sunday

-10-

to Saturday around 2017 would result in a gross income of $980 for that week which is more than the minimum wage calculation.

38.     Defendant Abel Osagie incorporates the response to ¶¶31-35 above and denies allegations in ¶38.  We bring it to the attention of the court that Mr. Egbarin and his clients are involved in recursive mathematics.  It is simply not accurate to calculate overtime on a calculation that also has incorporated overtime pay and the plaintiffs' reliance on 29 C.F.R Sec 778.112 is a legal conclusion that does not apply to 1023Z by virtue of the governing laws for 1023Z.

39.     Defendant Abel Osagie incorporates the response to ¶¶31-38 above and denies allegations in ¶39.

40.     Per RCSA Sec. 17b-342-3(a)(1) the authorized maximum hours that can be worked by any 1023Z aide between 8am and 8am the next day is 14 hours. The Connecticut Department of Social Services set the reporting requirements and not CareOne Health Services nor Abel Osagie.  The Commissioner also wrote RCSA Sec. 17b-342-3(a)(1) under rights given to him by the Connecticut State legislature. Any aide not meeting that requirement is in violation of the laws of the State of Connecticut and the company policies of CareOne Health Services. All PCA aides are over 18 years old and it is their responsibility to obey the laws of the State of Connecticut.

41.     Defendant Abel Osagie denies allegations in ¶41.  No HHA has worked for CareOne Health Services as an HHA since 2010.  There is nothing preventing an aide from writing on any paper that they were having a problem obeying the laws of state of Connecticut at their location.  Paper timesheets have to be verified and

-11-

signed for by the consumer.  Electronic visit data (in use since November 2016) are provided by the worker when they use one of the Connecticut 's DSS processes to record their activities which is verified by GPS, the use of the consumer's telephone or a token in the home of the client.  The process has an activity code for indicating a change in the client's condition.

CareOne Health Services gets paid by the verified service hours of the aides and that is the same data we use in paying the aides.

42.     Defendant Abel Osagie denies allegations in ¶42.  When a consumer does not meet the requirements of the payor, the payor moves the consumer to other services or pays for additional aides to bring the consumer in compliance.  It is the prerogative of the payor to use the cheaper service option and not the right of any aide to fraudulently violate the rules of the payor, State of Connecticut, CareOne Health Services and the safety of the consumer.  CareOne Health Services works on contracts and in the case of the named Plaintiffs, contracts with the State of Connecticut.  A relationship that all of the named Plaintiffs are aware of.  CareOne Health Services is only a vendor and has obey the laws of the State of Connecticut which is in line with the laws of the United States as communicated by the US Department of Labor, Connecticut Department of Labor and Connecticut Department of Social Services..

43.     Defendant Abel Osagie denies allegations in ¶43.  The clients that Defendant Abel Osagie worked with, were consumers of the Connecticut Home Care program.  Any aide that did work that was not preauthorized violated RCSA Sec. 17b-342-3(a)(1) and company policies.

-12-

44.     Defendant Abel Osagie denies allegations in ¶44.  All government required and vendor agreement notices are posted in the main office of CareOne Health Services, LLC.  We get the notices free, complement of our payroll services company and sometimes from various governmental agencies.  Our facilities are also subject to bi-annual auditing by designated government vendors as part of our service agreements and our insurance companies per contract.

45.     Defendant Abel Osagie denies allegations in ¶45.

46.     Defendant Abel Osagie asserts that ¶46 is a legal conclusion of the Plaintiff's to which no response is required.

47.     Defendant Abel Osagie asserts that ¶47 is a legal conclusion of the Plaintiff's to which no response is required.

48.     Defendant Abel Osagie asserts that ¶48 is a legal conclusion of the Plaintiff's to which no response is required.   Defendant Abel Osagie and CareOne acted in good faith at all times.  All required signs are posted in the CareOne Health Services facility.  Many of our workers are experienced, having worked for other Homemaker Companion Agencies before coming to us.  Some have also worked in administration with other Homemaker Companion agencies.

49.     Defendant Abel Osagie denies allegations in ¶49.  The aides identified in this complaint claimed to be over age 18, experienced 1023Z aides while being interviewed for the job.  They not only saw the postings at CareOne facility but should also have seen them at other similar facilities where they worked prior to CareOne.

50.     Defendant Abel Osagie asserts that ¶50 is a legal conclusion of the Plaintiffs to which no response is required.  Defendant Abel Osagie reiterates that

-13-

CareOne Health Services has not employed an HHA since 2010.

51.     Defendant Abel Osagie asserts that all required Federal and State postings are conspicuously posted in the main office of CareOne Health Services.

52.     Defendant Abel Osagie asserts that ¶52 is a legal conclusion of the Plaintiff's to which no response is required.

53.     Defendant Abel Osagie denies allegations in ¶53.

54.     Defendant Abel Osagie denies allegations in ¶54.

55.     Defendant Abel Osagie denies allegations in ¶55. Part of the on-boarding employee process is a registration for access to the Employee Payroll Vendor's web portal.   Fully accredited employees can pull their historical pay data when they wish.  It is the duty of the employee to furnish to the agency all required information including the completion of the Federal Form i-9. None of these named Plaintiffs were fully accredited employees, who used several delay tactics to complete accreditation.

56.     Defendant Abel Osagie denies allegations in ¶56. Defendant Abel Osagie asserts that whichever attorney these plaintiffs consulted, misled them maliciously.  An attorney who does not verify that a client has the governmental requirement of an HHA license and jumps to the conclusion that they are an HHA is guilty of professional misconduct.  This becomes more unconscionable, willful and wanton when the attorney has a reason to know that HHAs work as such only in a Home Health Care Company and the Employer they claim to work for only has a Homemaker Companion **REGISTRATION**.  Due diligence on the part of the attorney is doing the minimum to verify readily available information from the State of

-14-

Connecticut agencies.

57.     Defendant Abel Osagie asserts that ¶57 is a legal conclusion of the Plaintiff's not based on facts to which no response is required.

## VI.    THE COLLECTIVE ACTION

58.     Defendant again reiterates that none of the plaintiffs identified in this suit were ever employed as Home Health Aides (HHA) by CareOne Health Services nor has CareOne Health Services held a Home Health Care Agency license since 2010.  It is the height of malice for anyone to even suggest that all 1023Z consumers have the same issues.  If it was that easy, a robot can do a better job than human aides.

59.     Defendant Abel Osagie asserts that ¶59 is a legal conclusion of the Plaintiffs, not based on facts to which no response is required.

## VII.   THE CONNECTICUT RULE 23 CLASS

60.     The defendant asserts that the facts set out in ¶¶1-60 do not set out a claim for any violation of Connecticut Wage Act, C.G.S.  §§31-58 et seq or any Federal law.

61.     Defendant Abel Osagie denies that anyone that has ever worked for CareOne Health Services belongs to the class defined in this suit and therefore see no reason why there should be a class certification in this action.

-15-

62.     Defendant Abel Osagie denies ¶62 as an active imagination of Mr. Egbarin and his gang of law-violating clients.    CareOne Health Services has not employed any HHA since 2010.  Further, Service code 1023Z is only one of several services offered by CareOne Health Services.  It is also a small fraction of our client base.  Further, we retain most of our clients for more than 4 years so our life-time client base is not that large.  We have clients that have been with us since 2007. Even if we have had some fraudulent employees, they are a small fraction of our employee base.  To talk about all consumers as having the same profile can only be borne out of ignorance and greed.

63.     Defendant Abel Osagie denies ¶63.  Even if the allegations of these plaintiffs are true, they worked beyond the scope of their employment, violated RCSA Sec. 17b-342-3(a)(1), company policies and may be guilty of Medicare fraud for failing to provide adequate documentation that their client(s) did not meet Medicaid guidelines for the services.

64.     Defendant Abel Osagie denies ¶64.    Nobody who has worked for CareOne Health Services belongs to the class as defined in this action.

65.     The named former employees of CareOne Health Services come to court with unclean hands having violated company policies, Connecticut and Federal laws which may include Medicaid Fraud.  Further, an attorney, who despite having prior information available to him to the contrary thinks that a non-Home Health Care agency employs HHAs, claims his clients are HHAs without first verifying that they are indeed HHA certified in the state of Connecticut, is not fit to represent any one in the State of Connecticut or be a member of any credible Bar Association.  Defendant

-16-

Abel Osagie strongly denies allegations in ¶65

66.    Defendant Abel Osagie denies ¶66.

## VIII.  THE CONNECTICUT RULE 23 CLASS

**COUNT ONE:  FLSA violation against CareOne Health Services, LLC**

67.    Defendant Abel Osagie notifies the court that all responses by Defendant Abel Osagie in Paragraphs 1 through 66 applies to CareOne Health Services while he was an officer of CareOne Health Services.  He is the only person who can testify to all of the activities of CareOne Health Services.

68.    Defendant Abel Osagie notifies the court that all of the activities regarding the management of CareOne Health Services were conducted by him and his denial of any allegations against him is a denial for CareOne Health Services, LLC who by virtue of the financial condition of the company due to the actions of Mr. Egbarin cannot afford to pay a member of the Connecticut Bar Association for representation.  Also judging by the performance of attorneys against Mr. Egbarin in previous actions, appear not to have spent time understanding the laws pertaining to Homemaker Companion Agencies in the state of Connecticut and the Connecticut Home Care Program.

69.    Defendant Abel Osagie notifies the court that all of the activities regarding the management of CareOne Health Services were conducted by him and his denial of any allegations against him is a denial for CareOne Health Services, LLC since he is the only person with the full knowledge of the activities of CareOne

-17-

Health Services.

**COUNT TWO:  Violation of C.G.S §§31-68 against CareOne Health Services, LLC**

70.      Defendant Abel Osagie notifies the court that all of the activities regarding the management of CareOne Health Services were conducted by him and his denial of any allegations against him is a denial for CareOne Health Services, LLC since he is the only person with the full knowledge of the activities of CareOne Health Services.

71.      Defendant Abel Osagie notifies the court that all of the activities regarding the management of CareOne Health Services were conducted by him and his denial of any allegations against him is a denial for CareOne Health Services, LLC since he is the only person with the full knowledge of the activities of CareOne Health Services.

72.      Defendant Abel Osagie notifies the court that all of the activities regarding the management of CareOne Health Services were conducted by him and his denial of any allegations against him is a denial for CareOne Health Services, LLC since he is the only person with the full knowledge of the activities of CareOne Health Services.

**COUNT THREE:  FLSA violation against Abel N. Osagie**

73.      Defendant Abel Osagie incorporates and reasserts his responses to paragraphs 1 through 72 of Count Two as his response to paragraphs 1 through 72 of Count Three, as if fully set forth herein.

74.     Defendant Abel Osagie asserts that ¶74 is a legal conclusion to which no response is required.  To the extent that the paragraph alleges wrongdoing by any defendant, defendant Abel Osagie denies the allegation.

75.     Defendant Abel Osagie denies that any of the plaintiffs are entitled to the relief sort in ¶75.

**COUNT FOUR:  Violation of C.G.S §§31-68 against Abel N. Osagie**

76.     Defendant Abel Osagie incorporates and reasserts his responses to paragraphs 1 through 75 of Count Three as his response to paragraphs 1 through 75 of Count Four, as if fully set forth herein.

77.     Defendant Abel Osagie asserts that ¶77 is a legal conclusion to which no response is required.  To the extent that the paragraph alleges wrongdoing by any defendant, Defendant Abel Osagie denies the allegation.

78.     Defendant Abel Osagie denies that any of the plaintiffs are entitled to the relief sort in ¶78.

**PRAYER FOR RELIEF FOLLOWING PARAGRAPH 78**

Defendant Abel Osagie denies the Plaintiffs are entitled to any of the forms of relief enumerated in their demand for relief.

F20.01.004v.1

# SPECIAL DEFENSES

## COUNT ONE

### First Special Defense to Count One: FAILURE TO STATE A CLAIM

1.      Defendant Abel Osagie notifies the court that all management activities of Defendant CareOne were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the facts alleged by the Plaintiffs in Count One do not set out a claim for any violations of the FLSA by Defendant Abel Osagie and by inference Defendant CareOne.

2.      Defendant Abel Osagie notifies the court that all management activities of Defendant CareOne were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the Plaintiffs failed to state a claim upon which relief may be granted.


### Second Special Defense to Count One:  UNCLEAN HANDS

1.      Defendant Abel Osagie notifies the court that all management activities of Defendant CareOne were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the Plaintiffs have unclean hands and acted beyond the scope of their employment if their allegations are true that they worked beyond fourteen hours in any 8am to 8am period while they were employed as DSS Code 1023Z aides and as such violated RCSA Sec. 17b-342-3(a)(1).

2.      Defendant Abel Osagie notifies the court that all management activities of Defendant CareOne were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the Identified plaintiffs left the company after committing acts

that violated company policies and the agreement between CareOne Health

Services and payors of the services they rendered.

**Third Special Defense to Count One**: THE DEFENDANT CAREONE ACTED IN GOODFAITH.

      1.    Defendant Abel Osagie notifies the court, that all management actions

of defendant CareOne Health Services, LLC were conducted by Defendant Abel

Osagie.  Defendant Abel Osagie acted at all times in good faith following the

guidelines laid down by the U.S. Depart of Labor, Connecticut

Department of Labor and the Department of Social Services interpreting the

United States Department of Labor's interpretation of 29 C.F.R. § 785.22 and 29

U.S.C. 203(m).  Any denial by Defendant Abel Osagie also extend to CareOne

because he is the only person that conducted all the management and operating

activities for CareOne Health Services.

      2.    Defendant Abel Osagie notifies the court, that all management actions

of defendant CareOne Health Services, LLC were conducted by Defendant Abel

Osagie.  Pursuant to §10 of the Portal-to-Portal Act, 29 U.S.C. § 251,

Defendant Abel Osagie acted in good faith at all times. its actions did not violate the

FLSA.

## COUNT TWO

**First Special Defense to Count Two**:   FAILURE TO STATE A CLAIM

      1.    Defendant Abel Osagie notifies the court that all management actions of

defendant CareOne Health Services, LLC were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the facts alleged by the Plaintiffs in Count Two do not set out a claim for any violations of the Connecticut's Hour and Wage laws.

2.     Defendant Abel Osagie notifies the court that all management actions of defendant CareOne Health Services, LLC were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the Plaintiff failed to state a claim upon which relief may be granted.


**Second Special Defense to Count Two**:   **UNCLEAN HANDS**

1.     Defendant Abel Osagie notifies the court that all management actions of defendant CareOne Health Services, LLC were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the Identified Plaintiffs have unclean hands and acted beyond the scope of their employment per their allegations and consequently violated RCSA Sec. 17b-342-3(a)(1).

2.     Defendant Abel Osagie notifies the court that all management actions of defendant CareOne Health Services, LLC were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that the Identified plaintiffs left the company after committing acts that violated the agreement between CareOne Health Services and payors of the services they rendered.


**Third Special Defense to Count Two**:   **THE DEFENDANT CAREONE ACTED IN GOOD FAITH**.

-22-

1.      Defendant Abel Osagie notifies the court that all management actions of defendant CareOne were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that he acted at all times in good faith following the guidelines laid down by the U. S. Depart of Labor, Connecticut Department of Labor and the Department of Social Services interpreting the United States Department of Labor's interpretation of 29 C.F.R. § 785.22 and 29 U.S.C. 203(m) and consequently his actions extends to Defendant CareOne.

2.      Defendant Abel Osagie notifies the court that all management actions of defendant CareOne were conducted by Defendant Abel Osagie.  Defendant Abel Osagie asserts that Defendant Abel Osagie acted at all times in good faith, his actions did not violate any wage and hour laws and that this extends to Defendant CareOne as a consequence.


## COUNT THREE

**First Special Defense to Count Three:  FAILURE TO STATE A CLAIM**

1.      The facts alleged by the Plaintiffs in Count Three do not set out a claim for any violations of the FLSA.

2.      The Plaintiffs failed to state a claim upon which relief may be granted.

**Second Special Defense to Count Three:   UNCLEAN HANDS**

1.      The Plaintiffs have unclean hands and acted beyond the scope of their employment if their allegations are true that they worked beyond fourteen hours in any 8am to 8am while working for CareOne Health Services, LLC as a 1023Z aide.

-23-

2.      Identified plaintiffs left the company after committing acts that violated the agreement between CareOne Health Services and payors of the services they rendered.

**Third Special Defense to Count Three**:   **DEFENDANT ABEL OSAGIE ACTED IN GOOD FAITH.**

1.      The Defendant Abel Osagie acted at all times in good faith following the guidelines laid down by the U.S. Depart of Labor, Connecticut Department of Labor and the Department of Social Services interpreting the United States Department of Labor's interpretation of 29 C.F.R. § 785.22 and 29 U.S.C. 203(m).

2.      Pursuant to §10 of the Portal-to-Portal Act, 29 U.S.C. § 251, Defendant Abel Osagie acted at all times in good faith, and that his actions did not violate the FLSA.

## COUNT FOUR

**First Special Defense to Count Four**:   **FAILURE TO STATE A CLAIM**

1.      The facts alleged by the Plaintiffs in Count One do not set out a claim for any violations of Connecticut's Hour and Wage laws.

2.      The Plaintiff failed to state a claim upon which relief may be granted.

**Second Special Defense to Count Four**:  UNCLEAN HANDS

1.      The Plaintiffs came to court with unclean hands and acted beyond
the scope of their employment if their allegations are true that she worked beyond
fourteen hours per day.

2.      Identified plaintiffs left the company after committing acts that violated
company policies and the agreement between CareOne Health Services and payors
of the services they rendered.

**Third Special Defense to Count Four**:   DEFENDANT ABEL OSAGIE ACTED IN
GOOD FAITH.

1.      Defendant Abel Osagie acted at all times in good faith following the
guidelines laid down by the Connecticut Department of Labor and the Department of
Social Services interpreting the United States Department of labor's interpretation of 29
C.F.R. § 785.22 and 29 U.S.C. 203(m).

2.      Defendant Osagie acted at all times in good faith and that his actions did
not violate any wage and hour laws.

Dated:   August 20, 2020
         Danbury, CT


                                    Defendant,
                                    ABEL OSAGIE


                          By:     /s/ Abel Osagie
                                  Abel Osagie, Pro Se
                                  28 Ward Drive South,
                                  Danbury, CT 06810
                                  Tel.: (203) 730-0070
                                  Fax: (203) 730-0094
                                  osagienet@aol.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was filed on August 20, 2020 and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: <u>/s/ Abel Osagie</u>
   Abel Osagie, Pro Se
   28 Ward Drive South,
   Danbury, CT 06810
   Tel.: (203) 730-0070
   Fax: (203) 730-0094
   osagienet@aol.com

F20.01.004v.1